

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable E. P. Jennings
County Auditor
Hardin County
Kountze, Texas

Dear Sir:

Opinion Number O-3647
Re: Duties of the Board of County
and District Road Indebtedness
with regard to the payment of
the State's portion of road
bonds when and if the Legis-
lature makes funds available
therefor.

We are in receipt of your letter reading as here-
after quoted and requesting our opinion thereon:

"In your opinion would the Board of County
and District Road Indebtedness be liable for
the State's portion when and if the Legislature
passes a bond assumption Act? In such event
would the obligation be mandatory or discre-
tionary with the Board, assuming the law is not
changed as to fundamental application?"

The "State's portion" mentioned in your letter is
that part of the road bond debt the proceeds of which were
expended on State designated highways and which has been
made eligible for participation in the one-cent gasoline
tax fund allocated to the Board of County and District Road
Indebtedness.

Under the law as it is now written, no liability
attaches to the State, it being merely a vehicle providing
a method of participation in the gasoline tax accruing to
the Board. Therefore, we are not passing upon the probable

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

question raised by your use of the word "liable". We recently held in our Opinion Number O-3760, a copy of which is enclosed, that H. B. 688 of the Forty-sixth Legislature, 1939, would again become operative if subsection (j) of Section 6 thereof was amended so as to make funds available for the purposes of the law for the ensuing biennium. Therefore, assuming that such an amendment is adopted and no other change is made in the law, we are of the opinion that such of your bonds as are eligible for participation in the funds would be entitled to the pro rata part appropriated by the Act, and that the disbursement of such funds is mandatory upon the Board.

The Board is vested with considerable discretion in determining whether or not bonds are eligible for State aid, but, with some exceptions expressly provided, none of which are applicable to the instant question, the Board cannot withhold funds once they are made available and appropriated to the purposes embraced within the Act. The method of reimbursing the counties for advancing that portion assumed to be paid by the State would be purely a ministerial matter once the Legislature appropriates funds for the payment of such maturities.

The foregoing conclusion is, of course, based upon the assumption that such legislation as may be adopted will effect no fundamental change in H. B. 688.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Clarence E. Crowe_
Clarence E. Crowe
Assistant

CEC-s
Encl.

APPROVED AUG 21, 1941

_Gerald C. Mann_
ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY _LA_
CHAIRMAN